[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13783
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 26, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00085-CV-6

JOEY THREATTE, as surviving parent of
Courtney Threatte, deceased,
BEULAH THREATTE, as surviving parent
of Courtney Threatte, deceased,

Plaintiffs,

versus

TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, INC., U.S.A.,

Defendants-Third-Party
Plaintiffs-Appellees,

SOUTHEAST TOYOTA DISTRIBUTORS, INC.,

Defendant-Appellee,

versus

ALLEN AUTOMOTIVE, INC.,
d.b.a. Heyward Allen Toyota,

Third-Party-
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Georgia

**(December 26, 2006)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

This case is before us for a second time. In <u>Threatte v. Toyota Motor Corporation et al.</u>, No. 02-14971, we vacated the district court's order granting Toyota summary judgment on an issue not involved in this appeal, and remanded the case for further proceedings.

The salient facts are fairly straightforward. In August 1998, Ms. Courtney Threatte, a college student driving her 1997 Toyota Corolla home from college, failed to negotiate a sharp curve in the road and hit a tree. The Corolla's air bag failed to deploy, Ms. Courtney's body struck the steering wheel, and she was killed. The cause of death, according to the Death Certificate, was "massive head and internal injuries."

Threatte's parents sued Toyota for wrongful death. During discovery, a Toyota engineer and a plaintiffs' expert concluded that the air bag failed to deploy

2

because the air bag computer was not fully connected electrically and therefore could not function. The computer had been replaced by Toyota dealer Allen Automotive, Inc., d.b.a. Heyward Allen Toyota ("Allen"), pursuant to a voluntary recall program paid for by Toyota.

Toyota called on Allen to indemnify it for any sums it might be required to pay the plaintiffs and to participate in settlement negotiations. Allen refused. Toyota therefore joined Allen as a third-party defendant in the Threattes' wrongful death action. Toyota subsequently settled the Threattes' claim for $900,000, and the case proceeded to trial on Toyota's third-party indemnity claim against Allen.

Prior to trial, Allen stipulated that it was negligent in failing properly to install the air bag computer and that such negligence caused the non-deployment, that Toyota was not negligent, and that the $900,000 payment to the Threattes was "correct and proper."

At trial, the jury found Allen liable to Toyota on the theory of implied indemnity, and, after denying Allen's renewed motion for judgment as a matter of law and Allen's alternative motion for new trial, Record, Vol. 15 at 254, entered judgment for Toyota. Allen now appeals, arguing: (1) that there was no evidence that Allen's negligence was a proximate cause of Ms. Threatte's death; hence, the court should have granted its judgment as a matter of law; and (2) that the court

3

abused its discretion in denying Allen's alternative motion for a new trial.

Allen's first argument is based on the court's overruling Allen's objection to the expert testimony of Roger Brown, a Toyota engineer, who testified on the causation issue. According to Allen, the court should have found Brown incompetent to testify under Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993); had it done so, proof of causation would have been lacking and the court would have been required to dismiss Toyota's indemnity claim. We disagree. We find no error in the court's findings regarding Brown's qualifications as an expert to testify and that the court did not abuse its discretion in permitting Brown's testimony to come before the jury. Finally, we conclude that, with his testimony, the jury had ample proof of causation to render the verdict in question.

As Allen properly recognizes, we review a trial judge's denial of a motion for new trial for abuse of discretion. We have examined each of the grounds Allen cites in its motion for a new trial, and conclude that it was within the trial judge's sound discretion whether to grant the motion. We find no abuse of discretion in the judge's ruling.

AFFIRMED.